# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

KENDRICK DEMOND GRAY,  :

    Petitioner,             :

vs.                                 :       CA 09-0668-CG-C

MOBILE COUNTY METRO  :
JAIL,

                                     :

    Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action without prejudice based upon petitioner's failure to prosecute and comply with the Court's order of October 20, 2009.

Petitioner did not pay this Court's $5.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees when he filed his habeas corpus petition. (*Compare* Doc. 3 *with* Docket Sheet) Consequently, petitioner was ordered to either pay the $5.00 filing fee or complete and file this Court's form motion to proceed without prepayment of fees on or before November

20, 2009. (Doc. 3) The Court warned petitioner that his failure to comply with the order within the prescribed time would result in the dismissal of his action without prejudice "for failure to prosecute and to obey the Court's order." (*Id.*) To date, petitioner has filed neither the filing fee or, in lieu thereof, this Court's form motion to proceed without prepayment of fees. (*See* Docket Sheet)

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not responded to the Court's order of October 20, 2009. Accordingly, it is recommended that the Court **DISMISS** Gray's petition for writ of habeas corpus, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by obeying this Court's lawful order.

The instructions which follow the undersigned's signature contain

information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 8th day of December, 2009.

        s/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within [fourteen] days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.